### GRAU v KAISER

Ohio Appeals, 1st Dist, Hamilton Co

No 4111. Decided June 13, 1932

Walter K. Sibbald, Cincinnati, for plaintiff in error.
Harry H. Baker for defendant in error.

ROSS, PJ.

It is claimed by plaintiff in error that his motion for judgment in conformity to

the findings of fact by the jury should have been granted. This contention raises the question of whether the jury rendered its verdict upon assignments of negligence not alleged in the third amended petition, under which the issues were made.

Taking the categorical negatives of the jury, the allegations of negligence in the third amended petition are eliminated as proximate causes of the injuries suffered by the plaintiff. The addenda to the negatives are meaningless in the absence of a bill of exceptions possibly furnishing definition of a "ladder-jack", or definitions secured from ordinary dictionaries indicating the common use of the term. Reference to the dictionaries in common use show no term "ladder-jack". We have no idea of its meaning.

Under the provisions of §11420-18 GC, the motion for judgment should have been granted. The duty to grant the motion under such circumstances is mandatory. **Columbus, Delaware & Marion Electric Co. v O'Day, Admx., 123 Oh St, 638.**

The judgment is reversed, and judgment is entered here for the plaintiff in error.

HAMILTON and CUSHING, JJ, concur.